No. 13,552.

STATE EX REL. NEW ORLEANS LAND CO. VS. STATE TAX COLLECTOR, THIRD DISTRICT ET AL.

SYLLABUS.

1. Tax assessments on property may be defective, and yet their validity may not be open to contest by certain parties. Parties may occupy such special relations to property as to withdraw from them the right of invoking the prescription of taxes levied thereon, or the pre-emption of tax privileges and mortgages resulting therefrom.

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*Dart & Kernan* for Relator, Appellee.

*Frank B. Thomas,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for the City of New Orleans, Defendant, Appellant.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. Relator alleged that it was the owner of certain property described in its petition; that it acquired ownership from Philip H. Morgan, on the 27th of September, 1899, by act under private signature duly acknowledged. That the State of Louisiana claims as due on said property the taxes for the years 1884 to 1892, inclusive, amounting to the sum of two hundred and twenty-three dollars, and the

city of New Orleans claims as due on said property the taxes for the years 1870 to 1892, inclusive, amounting to the sum of two thousand three hundred and fifty-six and 15-100 dollars, assessed as shown on the research certificate from the office of the State Tax Collector of the Third District and the office of the Comptroller of the cty of New Orleans, both of which are annexed hereto.

That the assessment of said property was null and void and the taxes hereon based were null and void, for the reason that no proper and cor-rect description of said property was given whereby same could be identified; that the correct description of said property was given upon .the record of the conveyance office for this parish in the transfer to Philip H. Morgan, in book 88, folio 714.

That said property was sold to the city of New Orleans on January 30th, 1892, for the taxes of 1880 to 1887, inclusive; that said tax sale was null and void and of no effect for the reason that the description of said property, under which said tax sale was alleged to have been made, was insufficient to describe and identify the same.

That no notice of the delinquency of said tax, or the seizure of said property therefor, was ever served on the tax debtor, Philip H. Morgan. That the said Philip H. Morgan was an absentee from the State of Louisiana and had no agent in New Orleans upon whom the notice could have been served.

That, in any event the taxes claimed by the city of New Orleans and the State of Louisiana for the years 1880 to 1892, inclusive, were pre-scribed and pre-empted by the prescription of three and five years, and the tax liens and privileges securing same were no longer enforceable.

That the said taxes for the years 1870 to 1879, inclusive, assessed in the name of Philip H. Morgan, were null and void for the reason that the assessment thereof was null as hereinabove set forth.

In view of the premises, relator prayed that a writ of *mandamus* issue commanding the State of Louisiana and the city of New Orleans to cancel and erase from the records of their respective offices, the tax and tax liens and privileges and mortgages securing same, and to further cancel and erase the inscription of the sale to the city of New Orleans for the taxes of 1880 to 1887, inclusive, for the reasons and upon the grounds hereinabove set forth; or to the contrary to show cause on the day and date to be fixed by the judge, and relator prayed for all general and equitable relief.

The District Court rendered judgment commanding the State of

Louisiana and the city of New Orleans, and the State Tax Collector of the Third District of New Orleans, to cancel and erase the taxes and the tax liens and privileges and mortgages securing same, to-wit: The State taxes for the years 1884 to 1892, inclusive, amounting to $223, and the city taxes for the years 1870 to 1892, inclusive, amounting to $2,356.15, and, further, to cancel and erase the inscription of the sale to the city of New Orleans for the taxes of 1880 to 1887, inclusive, on the property described in relator's petition.

The city of New Orleans appealed.

### OPINION.

The relator in this case sought, in the District Court, by way of *mandamus,* not only to have certain State taxes, privileges and mortgages sustaining them, and certain city taxes, privileges and mortgages sustaining them, erased and cancelled, but also to have an adjudication alleged to have been made to the city on January 30th, 1892, in enforcement of taxes from 1880 to 1887, inclusive, set aside, on the ground that the assessments of the property were so radically wrong as to render sales made thereunder absolutely null and void, and on the further ground that no notice of the delinquency of the tax or of the seizure thereof for taxes was ever served upon Philip H. Morgan, the owner of the property. Judgment was rendered in the District Court in accordance with the prayer, and the city of New Orleans appealed.

The State has made no appearance. The record does not show the service of the application for a *mandamus* upon it, nor does relator's petition allege that the State officers ever were called upon to have the taxes erased. There is no averment in relator's application either as to its being itself in possession of the property or of the city of New Orleans being presently in possession or claiming present ownership. The evidence introduced by relator touching the ownership of the property and the assessment of taxes thereon is, first: (1) A certificate from the State Tax Collector's office, known as a "research," which bears date of March 31, 1898. (2) An unsigned statement headed "Delinquent Tax Department City Treasury, New Orleans, December 3, 1898," and (3) an act of sale from P. H. Morgan, to relator, of date of the 25th of September, 1899.

The first consists of a paper containing in the one column the numbers of the years from 1867 to 1897, inclusive, and opposite to the same,

in a second column, the name of Philip H. Morgan, down to 1885; opposite to the years 1886, 1887, 1888 and 1889, the words "Est. of Philip Morgan," opposite to 1890, 1891, 1892, the words "Ludovic Delcazel," and opposite to the years 1893, 1894, 1895, 1896 and 1897, the words "New Orleans Swamp Land Reclamation Company."

In a third column are given the amounts of assessment and in a fourth column the words "Remarks." In this latter column, opposite to the years 1869 to 1876, are the words "Sold to J. P. Martinez, under Act 82 of 1884," and opposite to the years 1880 to 1884, are the words "Sold to State under Act No. 80 of 1888."

Across the assessments, from 1885 to 1892, are written the words "Cancelled by Judgment of Civil District Court, Section A, March 29th, 1900".

Below this, in the column of Remarks, opposite to the years 1893 to 1897, during which the property seems to have been assessed in the name of the "N. O. Swamp Land Reclamation Company," is noted the fact that the taxes of those years were paid.

It was admitted on the trial "that the New Orleans Land Company," the present relator, is the same as the "New Orleans Swamp Land Reclamation Company," which it appears from the research of the State Tax Collector owned this property from 1892 to 1897.

The statement from the Delinquent Tax Department of the City Treasury, to which reference has been made, contains columns similar to those in the State research, but does not show in whose name the property was assessed from 1870 to 1889. In 1889 it was assessed to P. H. Morgan, in 1890 and 1892 to L. Delcazel, and from 1893 to 1898. inclusive, to the New Orleans Swamp Land Reclamation Company. On the face of the statement are stamped the words, "sold to the city, tax 80-87, Jan. 30th, 1892. Sale No. 1231." There are some words and figures made with pencil on the statement, but when or by whom made does not appear. Most of the taxes are marked as "paid" in the column of Remarks. It was admitted on the trial that the sale mentioned in the research or certificate from the City Hall, showing that "the property was sold to the city for the taxes claimed therein from 1880 to 1887, inclusive," sale No. 1231, on January 30th, 1892, "did take place and was registered in the conveyance office."

Nowhere is it shown what description was made of the property upon the assessment rolls themselves.

The judgment rendered in this case is erroneous. Independently of

State ex rel. Garig et al. vs. Judge.

the question as to whether an adjudication of property in enforcement of taxes could be set aside through a *mandamus* proceeding, the evidence introduced on the trial is entirely unsatisfactory. Neither this court nor the court below was properly advised as to the exact situation of this property, either as to its ownership or possession, or as to the taxes or tax mortgages and privileges upon it.

As matters stand, the appearances are that relator had, at some time, acquired the ownership of the property, under tax proceedings, and that it had subsequently attempted to supplement that title through a purchase from P. H. Morgan, and then repudiate its title acquired under the tax proceedings. In this we may be mistaken. The relator assumes, as a fact, that taxes and tax privileges and mortgages are prescribed and pre-empted by the prescription of and by the lapse of three and five years under all circumstances and in favor of and against all parties.

We are not prepared to accept the correctness of that broad proposition, particularly when presented to us in this collateral manner and under such meagre and improper evidence. Martinez vs. Tax Collectors, 42 Ann. 677; Gulf States Land Company vs. Wade, 51 Ann. 252.

We are not satisfied that appellee's position in respect to this property is such as to authorize him to attack the assessments he complains of.

We think the proper course to pursue in the premises is to reverse the judgment appealed from, and reject relator's demand as of non-suit.